# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH ATLANTIC OPERATING COMPANY, INC.; and NATIONAL TOBACCO COMPANY, L.P., | : : : : | |
| Petitioner, | : : | |
| v. | : : | C.A. No. 18-mc-154-LPS |
| DUNHUANG GROUP D/BA/ DHGATE, DHPORT, DHLINK, and DHPAY, | : : : : | |
| Respondents. | : : | |

## MEMORANDUM ORDER

At Wilmington this **11th** day of **July, 2018**, having considered Petitioners North Atlantic Operating Company, Inc. and National Tobacco Company, L.P's (collectively, "Petitioners") Motion to Compel Non-Party Dunhuang Group d/b/a DHgate, DHlink, DHport, and DHpay to Comply with Plaintiffs' Subpoena *Duces Tecum* ("Motion to Compel"),

**IT IS HEREBY ORDERED** that Petitioners' Motion to Compel (D.I. 1) is **GRANTED IN PART**, insofar as the request that the Court transfer Petitioners' Motion to Compel to the United States District Court for the Eastern District of Michigan ("Eastern District of Michigan") (*see* D.I. 2 at 20-21) is **GRANTED**.

1. Petitioners filed this miscellaneous action seeking enforcement of a subpoena *duces tecum* issued out of the Eastern District of Michigan directed to Dunhuang Group d/b/a DHgate, DHlink, DHport, and DHpay ("Respondent"). (*See* D.I. 2 Ex. M)

2. Petitioners, makers of ZIG-ZAG® Orange cigarette paper, filed suit in the Eastern District of Michigan against numerous online sellers, alleging violations of the Lanham Act

("Underlying Action"). In the Underlying Action, the Eastern District of Michigan granted an *ex parte* temporary restraining order, a seizure order, and an expedited discovery order, including an order that the defendants' e-commerce platforms – including Respondent, which operates the China-based e-commerce platform "DHGate," which is allegedly used by defendants in the United States – disclose defendants' names, addresses, account names, and transactions involving Petitioners' product. (*See* D.I. 2 at 1)

3. Respondent refused to comply with the order, and Petitioners sought a Rule 45 subpoena from the Eastern District of Michigan. The Eastern District of Michigan granted Petitioners' motion, and Petitioners served the subpoena *duces tecum* on Respondent *via* Dunhuang Group's payment processor, DHpay, Inc., through its registered corporate agent in Delaware. (*See* D.I. 2 Ex. M) Respondent, which has not entered an appearance or filed any response to the pending Motion to Compel, refused to comply with Petitioners' subpoena and offered numerous objections to the subpoena *via* email to Respondent. Petitioners then filed the instant action and Motion to Compel, requesting an order requiring immediate production of the requested documents, or, in the alternative, an order transferring the Motion to Compel to the Eastern District of Michigan for enforcement.

4. Federal Rule of Civil Procedure 45(f) authorizes the transfer of subpoena-related motions from the court where production is required to the court where the underlying action is pending – here, the Eastern District of Michigan – if the "person subject to the subpoena consents or if the court finds exceptional circumstances." "Exceptional circumstances" is not defined by Rule 45(f), but the Advisory Committee's Note provides guidance: "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when

that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments). However, "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* The transfer-proponent bears the burden of showing exceptional circumstances exist. *See id.*

5. The Court finds that extraordinary circumstances exist in this case, such that transfer is warranted so as to not disrupt the issuing court's management of the Underlying Action. *See id.* The Eastern District of Michigan granted expedited discovery in the Underlying Action, including of the information requested by the subpoena *duces tecum*. (*See* D.I. 3 ¶ 24) Accordingly, resolution of Petitioners' motion is time-sensitive, a factor supporting transfer. *See Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 44 (D.D.C. 2015) (finding exceptional circumstances where transfer would avoid interference with "time-sensitive discovery schedule" in underlying action); *see also Duck v. U.S. Sec. & Exch. Comm'n*, 317 F.R.D. 321, 325 (D.D.C. 2016) ("The Court also notes that transfer is appropriate where transfer would avoid interference with a time-sensitive discovery schedule issued in the underlying action.").

6. Transfer is likewise appropriate because the issuing court is better suited to decide whether the subpoena should be enforced. As Petitioners explained, "the Eastern District of Michigan has already ruled on North Atlantic's motion to serve the Subpoena on DHgate . . . ." (D.I. 2 at at 21) Moreover, the Eastern District of Michigan is familiar with the issues presented by the pending motion based on a prior case brought by Petitioners in the Eastern District of

Michigan, which involved the same Petitioners, Respondent, and similar discovery requests. (*See* D.I. 2 at 8) (discussing information sought by Petitioners from Respondent in *Babenko* case) The issuing court is therefore well-versed in the various parties, the particulars of Respondent's operations in the United States, and the issues presented by Petitioners' Motion to Compel, including the sufficiency of email service (which the issuing court explicitly authorized in the *Babenko* case and in the Underlying Action). (*See* D.I. 2 at 5) Given this degree of involvement and familiarity, allowing the issuing court to resolve enforcement of the subpoena would promote judicial economy and avoid the risk of inconsistent rulings. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (finding issuing court was "in a better position to rule . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation"); *see also U.S. ex rel. Simpson v. Bayer Corp.*, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016) (concluding issuing court "should decide the motions to quash" due to risk that court's decision "could have a lasting negative effect on the underlying *qui tam* action if such a ruling turned out to be at odds with the issuing court's rulings on the same issues.").

7. These interests outweigh any potential burden on Respondent and its interest in local resolution of the motion to compel. Respondent has not responded to Plaintiff's motion, but in an email to Petitioners, Respondent claimed it is a "non-U.S. resident in a foreign country" and "does not have a U.S. agent . . . to receive judicial documents." (D.I. 3 Ex. I at 1) This reduces any interest Respondent may have in local resolution of the motion, which is only further lessened by the fact that DHpay has since dissolved as a Delaware corporation (which does not

4

affect this Court's ability to enforce a subpoena against DHpay, *see* 8 Del. C. § 278).

8. Additionally, it is unlikely that Respondent would have to travel or be subject to any additional burden in order to resolve the Motion to Compel in Michigan. The Eastern District of Michigan permits telephonic appearances and there is no reason to believe it would not do so in this case. *See In re Disposable Contact Lens Antitrust Litig.*, 2017 WL 3704822, at *6 (D.D.C. May 18, 2017) (finding availability of telephone appearances meant transfer would not unduly burden nonparty). Likewise, enforcement of the subpoena, if granted, would impose no greater burden on Respondent if issued by this Court or by the Eastern District of Michigan. *See id.* ("Respondent's obligations to comply would appear to be identical regardless of which court actually enforced the subpoena.").

9. For the reasons discussed above, the factors that weigh in favor of transferring the Motion to Compel, and in particular preventing disruption of the issuing court's management of the Underlying Action, outweigh the burden, if any, that transferring the motion may have on Respondent. Accordingly, exceptional circumstances exist warranting transfer, and, thus, **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel will be transferred to the Eastern District of Michigan where the Underlying Action is pending. *See N. Atl. Operating Co., Inc., et al. v. Ebay Seller Dealz_For_You, et al.*, C.A. No. 4:17-cv-10964-LVP-APP.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT